SHELDON *against* PELTON AND BLISS, Executors.

*Rights of widow in husband's estate; ante-nuptial agreement.*

AN ante-nuptial agreement, by which the husband promised to make, by will, a certain provision for his widow, in lieu of dower, and all other claims upon his estate, left unperformed on the part of the husband at the time of his death, is no bar to the claim of the widow to the property which the statute directs to be set apart for her use.

Where executors inventory the whole property, and set apart none for the widow, the surrogate has power, on her petition, to cite them before him to correct the inventory; and if it be shown that the property has been sold, so that that which should have been given to her cannot be so given, the surrogate may decree the payment to her of its value by the executors.

When a party has put it out of his power *to do specifically* what the law enjoins, he shall be decreed to make compensation.

The residuary legatees are not necessary or proper parties to such proceeding.

The provision in the 2d section of the act of 1842, chap. 157, giving to a widow property to the value of $150, was not intended as a substitute for what was given to her by sections 9 and 10, in the Revised Statutes (2 R. S. 83), but was intended as an *additional* provision.

The discretion given to the appraisers, under that section, has reference to the articles to be set apart, and not to the amount.

The possession by the widow, under a claim of right, by virtue of the ante-nuptial contract, of a part of the property which the contract provided should be given to

her by will, the devisees and legatees, to whom it was in fact given, not having assented to her claim, is no bar to her right to the property given by her by the statute.